IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KENNEDY UNIVERSITY HOSPITAL, | |
| Plaintiff, | Civil No. 16-2494 (RBK/JS) |
| v. | **Opinion** |
| DARWIN NATIONAL ASSURANCE COMPANY, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Kennedy University Hospital's ("Plaintiff") Complaint against Defendant Darwin National Assurance Company ("Defendant") asserting breach of an insurance contract. Currently before the Court is Defendant's Motion for Summary Judgment (Doc. No. 19) and Plaintiff's Motion for Summary Judgment (Doc. No. 21). For the reasons stated herein, Defendant's Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

I.  **BACKGROUND**

   A.  **Facts**

The parties do not dispute the relevant facts. Defendant is an insurance carrier. Stipulated Statement of Undisputed Material Facts ("SSMF") ¶ 1. It issued Policy No. 0305-0246 ("Policy") to Plaintiff, a healthcare organization and non-profit, for the period of October 15, 2011 to October 15, 2012. *Id.* Plaintiff received first layer excess coverage from Defendant and primary coverage from another insurer with a policy limit of $1,000,000. *Id.* ¶¶ 12, 22. On May

12, 2012, a patient, Tony Fleming ("Fleming"), was admitted by Plaintiff. *Id.* ¶ 5. While in the hospital, he allegedly suffered second degree burns as a result of Plaintiff's negligence. *Id.* ¶ 6. Plaintiff reported this incident to Defendant in a Notice of Alert/Loss/Claim Reporting Guidelines form dated May 16, 2012. *Id.* ¶ 7. On the same day, Defendant acknowledged receipt in a letter, wherein it also stated it was not investigating the incident and reserved its rights. *See id.* ¶ 8; SSMF Ex. D. Specifically, the letter stated: "[I]t appears no claim has been made . . . . Accordingly, we will not be investigating this matter." and, "Please understand that this acknowledgment should not be construed or relied upon as confirmation of coverage, and that Darwin reserves all rights and defenses under the Policy and applicable law." *Id.*

Fleming filed an action against third parties in the Superior Court of New Jersey, Camden County on August 22, 2012, seeking recovery for his injuries. SSMF ¶ 9. A party to the lawsuit filed a third party complaint against Plaintiff on October 4, 2013 and served the summons and complaint on November 20, 2013. *Id.* ¶¶ 10–11. At some point in 2013, Fleming made a $1,700,000 settlement demand to Plaintiff in that matter. *Id.* ¶ 13. Fleming also brought a malpractice suit against Plaintiff and other parties in the Superior Court of New Jersey, Camden County on April 8, 2014 and served Plaintiff on April 8, 2014. *Id.* ¶¶ 15–16. In both lawsuits ("Fleming Actions"), Plaintiff's primary carrier undertook the defense. *Id.* ¶ 17. The primary carrier, and not Plaintiff, eventually informed Defendant of the Fleming Actions on July 29, 2015. *See id.* ¶¶ 12, 18.

Defendant denied coverage for both Fleming Actions on August 28, 2015. *Id.* ¶ 19. Plaintiff challenged Defendant's denial, but Defendant maintained its decision. *Id.* ¶¶ 20–21. The Fleming Actions eventually settled for $1,400,000. *Id.* ¶ 22. The primary carrier paid $1,000,000, another insurer contributed $100,000, and Plaintiff paid $300,000. *Id.*

### B. Procedural History

Plaintiff filed a Complaint in the Superior Court of New Jersey, Camden County, Law Division on February 22, 2016. Defendant timely removed the matter to this Court on May 3, 2016 (Doc. No. 1). Defendant filed an Answer and Counterclaim on May 10, 2016 (Doc. No. 5). On November 9, 2016, Plaintiff and Defendant filed respective Motions for Summary Judgment (Doc. Nos. 21, 19).

## II. LEGAL STANDARD

The Court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least put forth probative evidence from which the jury might return a verdict in his favor. *Id.* at

257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

Plaintiff argues that Defendant breached the Policy by denying coverage for the Fleming Actions; Defendant responds that Plaintiff failed to satisfy the notice and reporting requirements. The Policy states that the insurer will pay on a claim provided that "notice of such Claim is given to the Insurer in accordance with Section IV.D. of this Policy." Section IV.D.1, as replaced by Endorsement No. 9, sets forth notice requirements: "as a condition precedent to any right to coverage under this Policy . . . [t]he Named Insured must provide the Insurer with prompt notice of any Claim, or any circumstances that could give rise to a Claim." SSMF Ex. B. Section IV.D.2 obligates the insured to continuing reporting duties in the form of quarterly reports that summarize "[a]ll Claims and circumstances," even after expiration of the Policy. *Id.* Section IV.D.3 requires the Insured provide notice of "any offer or demand that may implicate coverage under this Policy." *Id.* The parties do not dispute that Plaintiff notified Defendant of the circumstances surrounding Fleming's injury on May 16, 2012 but not the Fleming Actions and settlement demand.

The Court finds that it need not resolve whether Plaintiff's May 16, 2012 notice fulfills Section IV.D.1's notice provisions, because Plaintiff failed to satisfy the conditions of Sections IV.D.2 and IV.D.3. Plaintiff appears to concede that it failed to provide a quarterly report and notice of Fleming's settlement demand as required to obtain coverage under the Policy. Plaintiff contends that the Court should excuse such failures because Defendant's conduct estops

4

it from denying Plaintiff's claims. In particular, Plaintiff argues that Defendant had a duty to investigate after receiving notice of the Fleming incident.

New Jersey courts have recognized some instances in which insurers are estopped from asserting that a policy does not cover a claim, even if the claim falls outside the terms of the policy. *See Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 446–47 (3d Cir. 2003) (citing *Griggs v. Bertram*, 443 A.2d 163, 167 (N.J. 1982)). One such instance is where the insurer does not notify the insured within a reasonable amount of time that it may possibly disclaim coverage of a claim. *Id.* To show estoppel, "undoubtedly prejudice is an essential ingredient." *Merchants Indem. Corp. v. Eggleston*, 179 A.2d 505, 512 (N.J. 1962). Prejudice is presumed where "there has been a long lapse of time without any indication by the insurance carrier of a loss or rejection of coverage, during which the insured justifiably expects to be protected by the carrier and cannot, except at the risk of forfeiting coverage, act for itself under the policy." *Griggs*, 443 A.2d at 170–71.

However, "[t]he imputation of prejudice is not an absolute rule." *Selbst v. Certain Underwriters at Lloyd's London*, 2005 WL 2447879, at *6 (N.J. Super. Ct. App. Div. Sept. 21, 2005). In *Reliance Ins. Co. v. Armstrong World Indus., Inc.*, the insurance company sent a letter that stated, "We are presently reviewing our obligation to [you]. We will notify you within a reasonable time of our decision in this matter." 678 A.2d 1152, 1157 (N.J. Super. Ct. App. Div. July 22, 1996). The New Jersey Superior Court, Appellate Division found that the insured did not suffer prejudice where there was no indication the insurer's actions prevented the insured from conducting an investigation or assuming defense of the suit, and the insured engaged counsel. *Id.*; *see also Liberty Ins. Corp. v. Tinplate Purchasing Corp.*, 743 F. Supp. 2d 406, 418 (D.N.J. 2010) (no prejudice where the insurer reserved its rights to disclaim coverage in a letter

5

confirming receipt of the claim and the insured assumed total control of the settlement negotiations and defense).

This case resembles the facts of *Armstrong World Indus., Inc.*, and the Court finds that Plaintiff fails to show it suffered the prejudice necessary to invoke estoppel. After Plaintiff sent notice of a potential claim involving Fleming, Defendant's response stated that it would not be investigating the matter and reserved all rights and defenses. Although the letter did not state that it potentially may disclaim coverage, there is no evidence that Plaintiff "justifiably expect[ed]" to be protected by Defendant. Plaintiff does not state, at any point in its papers, that it was prevented from taking action in its settlement negotiations or defense at large. Thus, the Court does not find that Plaintiff suffered prejudice, and it does not hold that Defendant is estopped from rejecting the claims for the Fleming Actions.

Plaintiff also asserts that Defendant waived the right to deny coverage. Waiver is a "voluntary and intentional relinquishment of a known right." *Shotmeyer v. N.J. Realty Title Ins. Co.*, 948 A.2d 600, 609 (N.J. 2008). Plaintiff appears to contend that the Defendant relinquished its rights because it "chose not to act." Pl.'s Mot. Summ. J. 32. However, it cites no authority to support the suggestion that a lack of action constitutes voluntary and intentional relinquishment. Indeed, where the New Jersey Supreme Court has found that an insurance carrier waived its rights, the carrier was aware of information suggesting fraud and also maintained control of the defense of the lawsuit. *See Eggleston*, 179 A.2d at 512. Such a situation is not the one at hand, and the Court does not find waiver in this case.

**IV.    CONCLUSION**

For the reasons expressed above, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.


Dated:   4/7/2017                                                      s/ Robert B. Kugler

                                                                                     ROBERT B. KUGLER

                                                                                     United State District Judge